UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MALIBU MEDIA, LLC,<br><br>                          Plaintiff,<br><br>v.<br><br>JOHN DOE subscriber assigned IP address 107.135.65.209,<br><br>                          Defendant. | Case No.:  16-cv-1883-WQH-MDD<br><br>**ORDER GRANTING MOTION FOR EARLY DISCOVERY**<br><br>**[ECF NO. 4]** |

Before the Court is Plaintiff's *Ex Parte* Motion for Leave to Serve a Third Party Subpoena prior to a Rule 26(f) Conference filed on October 11, 2016.  (ECF No. 4).  The identity of the Defendant is not known at this time.  For the reasons discussed below, Plaintiff's Motion is **GRANTED**.

## I.  PROCEDURAL HISTORY

In their Complaint, filed on July 25, 2016, Plaintiff alleges that the subscriber or user of the above-referenced Internet Protocol ("IP") address violated federal copyright law by using the BitTorrent file distribution network to copy and distribute Plaintiff's copyrighted work through the

1 Internet without Plaintiff's permission.  (ECF No. 1).

2      Plaintiff motion seeks an order permitting it to serve a third party 3 subpoena, pursuant to Fed. R. Civ. P. 45, on Internet Service Provider 4 ("ISP") AT&T U-verse requiring the ISP to supply the name and address of 5 its subscriber to Plaintiff.

## II. LEGAL STANDARDS

7      Formal discovery generally is not permitted without a court order 8 before the parties have conferred pursuant to Federal Rule of Civil 9 Procedure 26(f).  Fed. R. Civ. P. 26(d)(1).  "[H]owever, in rare cases, courts 10 have made exceptions, permitting limited discovery to ensue after filing of 11 the complaint to permit the plaintiff to learn the identifying facts necessary 12 to permit service on the defendant."  *Columbia Ins. Co. v. Seescandy.com*, 13 185 F.R.D. 573, 577 (N.D. Cal. 1999) (citing *Gillespie v. Civiletti*, 629 F.2d 14 637, 642 (9th Cir. 1980)).  Requests for early or expedited discovery are 15 granted upon a showing by the moving party of good cause.  *See Semitool,* 16 *Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 275-76 (N.D. Cal. 2002) 17 (applying "the conventional standard of good cause in evaluating Plaintiff's 18 request for expedited discovery").

19      "The Ninth Circuit has held that when the defendants' identities are 20 unknown at the time the complaint is filed, courts may grant plaintiffs 21 leave to take early discovery to determine the defendants' identities 'unless 22 it is clear that discovery would not uncover the identities, or that the 23 complaint would be dismissed on other grounds.'"  *808 Holdings, LLC v.* 24 *Collective of December 29, 2011 Sharing Hash*, No. 12-cv-0186 MMA (RBB), 25 2012 WL 1648838, *3 (S.D. Cal. May 4, 2012) (quoting *Gillespie*, 629 F.2d at

642). "A district court's decision to grant discovery to determine jurisdictional facts is a matter of discretion." *Columbia Ins.*, 185 F.R.D. at 578 (citing *Wells Fargo & Co. v. Wells Fargo Express Co.*, 556 F.2d 406, 430 n.24 (9th Cir. 1977)).

District courts apply a three-factor test when considering motions for early discovery to identify Doe defendants. *Id.* at 578-80. First, "the plaintiff should identify the missing party with sufficient specificity such that the Court can determine that defendant is a real person or entity who could be sued in federal court." *Id.* at 578. Second, the plaintiff "should identify all previous steps taken to locate the elusive defendant" to ensure that the plaintiff has made a good faith effort to identify and serve process on the defendant. *Id.* at 579. Third, the "plaintiff should establish to the Court's satisfaction that plaintiff's suit against defendant could withstand a motion to dismiss." *Id.* (citing *Gillespie*, 629 F.2d at 642). Further "the plaintiff should file a request for discovery with the Court, along with a statement of reasons justifying the specific discovery requested as well as identification of a limited number of persons or entities on whom discovery process might be served and for which there is a reasonable likelihood that the discovery process will lead to identifying information about defendant that would make service of process possible." *Id.* at 580.

### III. ANALYSIS

**A.     <u>Identification of Missing Party with Sufficient Specificity</u>**

"A plaintiff identifies Doe defendants with sufficient specificity by providing the unique IP addresses assigned to an individual defendant on the day of the allegedly infringing conduct, and by using 'geolocation

technology' to trace the IP addresses to a physical point of origin." *808 Holdings*, 2012 WL 1648838, at *4 (quoting *OpenMind Solutions, Inc. v. Does 1-39*, No. C-11-3311 MEJ, 2011 WL 4715200 (N.D. Cal. Oct. 7, 2011); *Pink Lotus Entm't, LLC v. Does 1-46*, No. C-11-02263 HRL, 2011 WL 2470986 (N.D. Cal. June 21, 2011)).

In Exhibit A to its Complaint, Plaintiff alleges that the user of the subject IP address engaged in allegedly infringing activity involving approximately 100 of Plaintiff's copyrighted works from April 17, 2014, through June 30, 2016. (ECF No. 1-2). In support of the instant Motion, Plaintiff submitted declarations regarding the manner in which the allegedly infringing IP address was identified; identifying the ISP as AT&T U-verse; and located the IP address in San Marcos, California, within the Southern District of California. *See* Exhibits B through E-1 to Plaintiff's Motion (ECF Nos. 4-2 through 4-7). Critically, the Declaration of Attorney Henrik Mosesi states that he performed the geolocation approximately 3 weeks prior to filing the Complaint. (ECF No. 4-7 ¶ 12). The last infringement is alleged to have occurred on June 30, 2016, and the Complaint was filed on July 25, 2016. Accordingly, the effort to geolocate the IP address occurred within weeks of last allegedly offending download.

In these cases, it is most likely that the subscriber is a residential user and the IP address assigned by ISP is "dynamic."[1] Consequently, it matters

---

[1] "Static IP addresses are addresses which remain set for a specific user. . . . Dynamic IP addresses are randomly assigned to internet users and change frequently. . . . Consequently, for dynamic IP addresses, a single IP address may be re-assigned to many different computers in a short period of time."

1 when the geolocation was performed. In the context of dynamic IP
2 addresses, "a person using [an IP] address one month may not have been
3 the same person using it the next." *State of Connecticut v. Shields,* No.
4 CR06352303, 2007 WL 1828875 *6 (Conn. Sup. Ct. June 7, 2007). If
5 performed in temporal proximity to the offending downloads, the
6 geolocation may be probative of the physical location of the subscriber. If
7 not, less so, potentially to the point of irrelevance. Here, Plaintiff appears
8 to have conducted the required geolocation close enough in time to the
9 allegedly offending behavior to be probative.

10 Consequently, Plaintiff has identified the Defendant, at this point,
11 with sufficient specificity. *See OpenMind Solutions*, 2011 WL 4715200, at
12 *2 (concluding that plaintiff satisfied the first factor by identifying the
13 defendants' IP addresses and by tracing the IP addresses to a point of origin
14 within the State of California); *Pink Lotus Entm't*, 2011 WL 2470986, at *3
15 (same). In addition, Plaintiff has presented evidence that the identified IP
16 address is physically located in this district.

17 **B.     Previous Attempts to Locate Defendant**

18 Plaintiff appears to have obtained and investigated the available data
19 pertaining to the alleged infringement in a good faith effort to locate
20 Defendant. *See OpenMind Solutions*, 2011 WL 4715200, at *3; *MCGIP,*
21 *LLC v. Does 1-149*, 2011 WL 3607666, *2 (N.D. Cal. Aug. 3, 2011); *Pink*
22 *Lotus Entm't*, 2011 WL 2470986, at *3.

23
24 ———
25 *Call of the Wild Movie, LLC v. Does,* 770 F. Supp. 2d 332, 356-57 (D. D.C.
26 2011)(citations omitted).

5

### C. Ability to Withstand a Motion to Dismiss

Here, the Complaint alleges that Plaintiff owns the registered copyright of the work that Defendant allegedly copied and distributed using the BitTorrent file distribution network and that it did not permit or consent to Defendant's copying or distribution of its work. It appears Plaintiff has stated a *prima facie* claim for copyright infringement that can withstand a motion to dismiss.

### D. Personal Jurisdiction

As discussed above, Plaintiff has sufficiently established that it is likely that the Defendant is located within the Southern District of California and is subject to the personal jurisdiction of the Court.

### E. Venue

"The venue of suits for infringement of copyright is not determined by the general provision governing suits in the federal district courts, rather by the venue provision of the Copyright Act." *Goldberg v. Cameron*, 482 F. Supp. 2d 1136, 1143 (N.D. Cal. 2007) (citing 28 U.S.C. § 1400(a); *Lumiere v. Mae Edna Wilder, Inc.*, 261 U.S. 174, 176 (1923)). "In copyright infringement actions, venue is proper 'in the district in which the defendant or his agent resides or may be found.'" *Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124, 1128 (9th Cir. 2010) (quoting 28 U.S.C. § 1400(a)). "The Ninth Circuit interprets this statutory provision to allow venue 'in any judicial district in which the defendant would be amendable to personal jurisdiction if the district were a separate state.'" *Id.*

As discussed above, Defendant is likely to be located in this District and the acts complained of also likely occurred here. Accordingly, venue

appears proper in this District at this time.

### F. Specific Discovery Request

Plaintiff has not provided a proposed subpoena. Plaintiff stated, however, that it will seek to obtain only the name and address of the subscriber associated with the IP address from the ISP.

The Court finds Plaintiff has shown good cause to subpoena records from AT&T U-verse identifying the subscriber assigned to the subject IP address at the identified times. The subpoena must be limited to documents identifying the subscriber's name and address during the relevant period. That information should be sufficient for Plaintiff to be able to identify and serve Defendant. If Plaintiff is unable to identify and serve Defendant after receiving a response to the subpoena, Plaintiff may seek leave from the Court to pursue additional discovery.

### G. Cable Privacy Act

Finally, the Court must consider the requirements of the Cable Privacy Act, 47 U.S.C. § 551. The Act generally prohibits cable operators from disclosing personally identifiable information regarding subscribers without the prior written or electronic consent of the subscriber. 47 U.S.C. § 551(c)(1). A cable operator, however, may disclose such information if the disclosure is made pursuant to a court order and the cable operator provides the subscriber with notice of the order. 47 U.S.C. § 551(c)(2)(B). The ISP that Plaintiff intends to subpoena in this case is a cable operator within the meaning of the Act.

### IV. CONCLUSION

For the reasons set forth above, Plaintiff's *Ex Parte* Motion for Early Discovery is **GRANTED**, as follows:

1. Plaintiff may serve a subpoena, pursuant to and compliant with the procedures of Fed. R. Civ. P. 45, on AT&T U-verse seeking only the name and address of the subscriber assigned to the subject IP address for the relevant time period.

2. The subpoena must provide at least forty-five (45) calendar days from service to production. AT&T U-verse may seek to quash or modify the subpoena as provided at Rule 45(d)(3).

3. AT&T U-verse shall notify its subscriber, no later than fourteen (14) calendar days after service of the subpoena, that his or her identity has been subpoenaed by Plaintiff. The subscriber whose identity has been subpoenaed shall then have thirty (30) calendar days from the date of the notice to seek a protective order, to move to quash or modify the subpoena or file any other responsive pleading.

4. Plaintiff shall serve a copy of this Order with the subpoena upon AT&T U-verse. AT&T U-verse, in turn, must provide a copy of this Order along with the required notice to the subscriber whose identity is sought pursuant to this Order.

5. No other discovery is authorized at this time.

**IT IS SO ORDERED.**

Dated: October 12, 2016

Hon. Mitchell D. Dembin
United States Magistrate Judge